# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **SELINA J. P.,** <br><br> Plaintiff, <br><br> vs. <br><br> **KILOLO KIJAKAZI,** <br> **Acting Commissioner of Social Security,** <br><br> Defendant. | Case No. 2:22-cv-00743 <br><br><br> **REPORT & RECOMMENDATION** <br><br> **District Court Judge Dale A. Kimball** <br><br> **Magistrate Judge Dustin B. Pead** |

## I. INTRODUCTION

Plaintiff Selina P.[1] ("Plaintiff") seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying her claim for disability under the Social Security Act (Act).[2] After careful review of the entire record along with the parties' briefs,[3] the Court finds the Commissioner's decision is legally sound and supported by substantial evidence.[4] Accordingly, for the reasons set forth herein, Plaintiff's Motion for Review of Agency Action is denied.[5]

---

[1] Based on privacy concerns regarding sensitive personal information, the court uses only the first name and initial of the last name of the non-governmental party in this case. Privacy concerns are inherent in many of the Federal Rules. *See*, Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] 42 U.S.C. § 405(g).

[3] ECF No. 11, Plaintiff's Motion for Review of Agency Action; ECF No. 18, Defendant's Memorandum in Opposition to Motion for Review of Agency Action. Plaintiff did not file a Reply Memorandum and the time within which to do so has expired. *See*, ECF No. 13, Order granting Motion for Enlargement of Time to Respond extending Reply date to May 15, 2023; ECF No. 16, Order granting Motion for Enlargement of Time to Respond extending Reply date to June 14, 2023.

[4] ECF No. 10-2, 2022 Social Security Administration Decision.

[5] ECF No. 11.

## II. **BACKGROUND**

Plaintiff applied for disability insurance benefits in May 2020, alleging a disability onset date of May 1, 2019.[6] Plaintiff's claim was denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for hearing and a telephonic hearing was held on July 29, 2021, before Administrative Law Judge ("ALJ") Jeffrey Mastin.[7] Thereafter, on January 19, 2022, ALJ Mastin issued a written Decision denying Plaintiff's disability claim.[8]

As set forth in the ALJ's written Decision, at step 2 of the sequential evaluation process, the ALJ found that Plaintiff had the severe medically determinable impairments of right hip trochanteric bursitis, degenerative joint disease, osteoarthritis affecting bilateral hands and migraines with associated vertigo symptoms.[9] At step 3, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment[10] and concluded that Plaintiff had the Residual Functional Capacity ("RFC") to perform seated light work.[11] The ALJ further determined that Plaintiff:

> is able to lift and/or carry up to twenty pounds occasionally and up to ten pounds on a frequent basis; she can sit continuously and stand up to two hours during an eight-hour workday but only for 30 minutes at one time then an opportunity to change positions; she can walk for two hours of [an] eight-hour workday, but only for 30 minutes at one time then an opportunity to change position; she is not limited in reaching but handling and fingering are limited to occasional; she can frequently feel and push/pull; she can frequently climb ramps/stairs, but should never be required

---

[6] ECF No. 10-2.

[7] *Id.*

[8] *Id*.

[9] *Id.* at 19; 20 C.F.R. § 416.1520(c). All citations to the Code of Federal Regulations (C.F.R.) are to the 2021 edition, which was effective on the date of the ALJ's January 2022 Decision. DIB citations (found in 20 C.F.R. § 404) have parallel SSI citations (found in 20 C.F.R. § 416), which are not cited herein.

[10] *Id.*; 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. § 404.1520(d), 20 C.F.R. § 404.1525, 20 C.F.R. § 404.1526.

[11] 20 C.F.R. § 404.1567(b).

to climb ropes, ladders, scaffolds, balance or crawl; she can frequently stoop, kneel and crouch. She can never work at unprotected heights, near moving mechanical parts, in extreme cold, or near vibrations. She can occasionally operate a motor vehicle and be exposed to extreme heat; and noise should be limited to moderate.[12]

At step 4, the ALJ found Plaintiff was capable of performing her past relevant work as an Operations/Department Manager as generally performed in the national economy because the work did not require the performance of work-related activities that were precluded by Plaintiff's RFC.[13] After clarifying the vocational expert's testimony through written interrogatories,[14] the ALJ concluded that Plaintiff was not disabled under the Act from May 1, 2019, the alleged onset date, through March 31, 2021, the date last insured.[15]

Plaintiff's December 1, 2022, appeal to this court followed.[16]

### III. STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to a determination of whether substantial evidence in the record, taken as a whole, supports the factual findings and whether the correct legal standards were applied.[17] A deficiency in either area is grounds for remand.[18]

Although the threshold for substantial evidence is "not high"; it is "more than a mere scintilla" of evidence, and "means---and means only---such relevant evidence as a reasonable

---

[12] ECF No. 10-2 at 20.

[13] *Id.* at 26; 20 C.F.R. § 404.1565.

[14] Tr. 291-94.

[15] *Id.* at 28; 20 C.F.R. § 404.1520(f).

[16] ECF No. 2, Plaintiff's Complaint.

[17] *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

[18] *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012).

3

mind might accept as adequate to support a conclusion."[19] In considering the administrative record, the court may neither "reweigh the evidence [n]or substitute [its] judgment for [that of] the [ALJ's]."[20] As a result, where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[21]

## IV. DISCUSSION

On appeal, Plaintiff raises two main arguments. First, Plaintiff asserts the ALJ "mistakenly concluded that Plaintiff could do her prior work as an Operations/Department Manager."[22] Second, Plaintiff argues the ALJ erred when he failed to consider Dr. Fillmore's treatment relationship with Plaintiff.[23] The court addresses each argument as set forth herein.

### I. **Plaintiff Fails To Address The Vocational Expert's Interrogatory Responses Or The ALJ's Step Four Reasoning.**

Plaintiff argues the ALJ "mistakenly concluded" that Plaintiff could work as an Operations/Department Manager. Plaintiff's argument, however, is severely underdeveloped and fails to establish error.

As an initial matter, Plaintiff's entire argument, is contained in a single paragraph, consisting of two sentences and without any citation to the record or legal authority.[24] The court denies Plaintiff's claim on this basis alone as it is not the role of the court to manufacture arguments on the Plaintiff's behalf.[25] As an additional basis for denial, however, the court notes

---

[19] *Josue R. v. Kijakazi,* 2023 U.S. Dist. LEXIS 30662, at *6 (C.D. Cali Feb. 23, 2023) (*citing Biestek v. Berryhill,* 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted)).

[20] *Hendron*, 767 F.3d at 954 (citation omitted).

[21] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

[22] ECF No. 11 at 10.

[23] *Id.* (*citing* 20 C.F.R. § 404.1520c).

[24] *Id.*

[25] *Sil-Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1513 (10th Cir. 1990) (quotation and citation omitted) ("We

4

that Plaintiff's claim is incorrect. Under the regulations, a claimant is not disabled at step four of the sequential evaluation process if she can perform her past relevant work *either* as she actually performed it *or* as it is generally performed in the national economy.[26] Here, the vocational expert responded to the interrogatories[27] "that accurately reflected" the limitations found in the ALJ's RFC, thereby testifying that Plaintiff could perform her past relevant work as an Operations/Department manager as it is actually performed in the national economy, but not as Plaintiff actually performed the job.[28] Given this information, the ALJ agreed with the vocational expert and concluded that Plaintiff could perform work as an Operations/Department manager "generally but not as actually performed."[29] The ALJ then went on to conclude, at step five, that in addition to her past relevant work there were other jobs that existed in significant numbers in the national economy that the claimant could also perform, including the occupation of school bus monitor.[30]

---

need not sift through the record to find [evidence to support a party's argument], nor manufacture a party's argument for [it]."); *Eateries, Inc. v. J.R. Simplot Co,* 346 F.3d 1225, 1232 (10th Cir. 2003) (*citing Clark v. State Farm Mut. Auto. Ins. Co.,* 319 F.3d 1234, 1244 (10th Cir. 2003) (internal quotation omitted) ("A party forfeits an issue it does not support with legal authority or argument.")); *Keyes-Zachary,* 695 F.3d at 1161 ("We will consider and discuss only those of [plaintiff's] contentions that have been adequately briefed for our review").

[26] 20 C.F.R. § 404.1520(a)(4)(iv), (f); 20 C.F.R. § 404.1560(b)(3) (emphasis added).

[27] Tr. 291-94. At this stage, Plaintiff may not object to the ALJ's reliance on the vocational expert's interrogatory responses. See, SSR 96-9, 1996 WL 374185, at *10 n. 8 ("At the hearings and appeals levels, vocational experts (VEs) are vocational professionals who provide impartial expert opinion during the hearings and appeals process either by testifying or by providing written responses to interrogatories, A VE may be used before, during, or after a hearing.").

[28] ECF No. 10-2 at 27; Tr. 292.

[29] *Id.*

[30] *Id.* at 28; DOT 372.667-042.

For these reasons, the court finds that Plaintiff fails to establish error or show a lack of substantial evidence to support her claim that the ALJ's erred in his step four finding.

## II.     The ALJ Did Not Err In His Treatment Of Medical Opinions.

Next, Plaintiff asserts error based on the ALJ's failure to give greater weight to treating physician Dr. Randall Fillmore or provide "adequate discussion" of the opinion. In so arguing, however, Plaintiff misconstrues the relevant regulations.

On January 18, 2017, the agency published revised regulations that changed the procedures and standards utilized for evaluating evidence, including medical source opinions.[31] Here, because Plaintiff applied for benefits after March 27, 2017, the ALJ correctly applied the revised regulations.

Under the revised regulations, the term "treating source" and the "treating source rule" are no longer used. Rather, the phrase "your medical source(s)" refers to whichever medical source a claimant chooses to use.[32] More importantly, unlike the old regulations where the opinion of a treating source was generally entitled to "controlling" weight,[33] the revised regulations specify that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [claimant's] medical sources."[34] Thus, contrary to Plaintiff's argument, under the revised regulations the ALJ is no longer permitted to "weigh" opinions, offer

---

[31] See, Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844 (SSA Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15, 132 (Mar. 27, 2017)).
[32] 20 C.F.R. § 404.1520c.
[33] 20 C.F.R. § 404.1527(c)(2); 20 C.F.R. § 416.927(c)(2).
[34] 20 C.F.R. § 404.1520c(a).

6

"controlling weight" to certain opinions or apply a heightened articulation standard to opinions from a claimant's treating physician.[35]

Rather, all opinions now start on equal footing, irrespective of claimant's relationship with the source, and the opinion's persuasiveness is evaluated using five factors, as outlined in the regulations: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors tending to support or contradict a medical opinion or prior administrative medical finding.[36] The most important factors are supportability and consistency and the ALJ must address these factors, but "is not required to expound on the remaining three unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record albeit not identical."[37]

Here, the ALJ did just as the revised regulations require and addressed both the supportability and consistency of Dr. Fillmore's opinion, along with other factors.[38] Other than making vague statements lacking in support or specificity, Plaintiff fails to develop any argument regarding the ALJ's discussion of the supportability and consistency factors or the ALJ's assessment of Dr. Fillmore's opinion in general. Indeed, Plaintiff's claim of "inadequate discussion" is more properly characterized as an argument that the ALJ failed to address Dr. Fillmore's treatment relationship with Plaintiff or to afford Dr. Fillmore's opinion greater weight

---

[35] *Id.* (stating the ALJ will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."; *see also* 20 C.F.R. § 416.920c(a). CHECK

[36] 20 C.F.R. § 404.1520c(c), 20 C.F.R. § 416.920c(c).

[37] *John H. v. Saul,* 2021 U.S. Dist. LEXIS 44489, at *11 (D. Utah Mar. 8, 2021).

[38] ECF No. 10-2 at 25.

than other opinions.[39] But, as discussed above, under the revised regulations no such discussion is required and the court will not reweigh this evidence.[40]

Accordingly, for the reasons stated, the court concludes that the ALJ did not err in his treatment of Dr. Fillmore's medical opinion.

## V. <u>RECOMMENDATION</u>

For the reasons stated, the Court finds the ALJ's decision to be legally sound and supported by substantial evidence. Accordingly, the Court RECOMMENDS to the District Court that the Commissioner's decision be affirmed and that Plaintiff's Motion for Review of Administrative Action be denied.[41]

Consistent therewith, the Clerk's Office is directed to mail a copy of this Report and Recommendation to Plaintiff who is hereby notified of his right to object. Within fourteen (14) days of receiving a copy, Plaintiff may file his written objections.[42] A failure to do so may constitute waiver of objections upon subsequent review.

---

[39] ECF No. 11 at 11 ("the opinion of a treating physician is entitled to controlling weight if it is well-supported by the medical evidence. . . ."; "[a]n ALJ should generally give more weight to opinions from a claimant's treating sources.").

[40] *See generally,* ECF No. 18 at 12, Defendant's Brief (listing cases); *Madrid v. Barnhart,* 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted) ("In reviewing the ALJ's decision, [this court may] neither reweight the evidence nor substitute [its] judgment for that of the [ALJ].").

[41] ECF No. 11.

[42] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Dated this 21st day of July, 2023.

                                                                                  _____
                                                                                  DUSTIN B. PEAD
                                                                                  Chief United States Magistrate Judge